IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JASON ZSCHERNITZ,

                Plaintiff,                    ORDER

v.

                                             14-cv-337-wmc

CAROLYN W. COLVIN,
Acting Commissioner Social Security Administration,

                Defendant.

---

Plaintiff Jason Zschernitz brings this action for judicial review of an adverse decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Plaintiff contends that the Administrative Law Judge ("ALJ") erred in finding him "not disabled" under the statute. Since the ALJ's determination of Zschernitz's Residual Functional Capacity ("RFC") failed to account adequately for deficiencies in his concentration, persistence and pace ("CPP") in violation of settled Seventh Circuit case law, the court will remand and award such other relief as may be appropriate to deter an apparent unwillingness by the Commissioner to confess obvious error.[1]

Specifically, plaintiff contends that the RFC formulation and related questions to the vocational expert failed to account for his CPP limitations, as confirmed by two, separate state examiners, Drs. Spear and Kojis, both of whom identified moderate limitations in Zschernitz's ability to: (a) understand and remember detailed instructions; (b) carry out detailed instructions; (c) maintain attention and concentration for extended periods; (d) perform activities within a schedule, maintain regular attendance, and be

---

[1] While the entire Social Security Administration, certainly including overburdened ALJs, has been given the Herculean task of moving a mountain of claims, this does not excuse burdening the courts, plaintiffs and indeed its own lawyers with obviously meritorious requests for remand.

1

punctual within customary tolerances; (e) complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. (AR 23, 448-49, 471.) Since the ALJ purported to give these opinions "substantial weight" (AR 23), Zschernitz argues persuasively that these limitations should have been included in his RFC and proposed to the vocational expert. At the very least, the ALJ should have explained his failure to do so.

In *O'Connor–Spinner v. Astrue*, 627 F.3d 614 (7th Cir. 2010), the Seventh Circuit held that an ALJ *must* orient a vocational expert to the "totality of a claimant's limitations," including those involving "concentration, persistence and pace." *Id*. at 609. Since then, the Seventh Circuit has repeatedly reached the same, essential legal conclusion. *E.g., Craft v. Astrue*, 539 F.3d 668, 677-78 (7th Cir. 2008) (limiting hypothetical to simple, unskilled work does not account for claimant's difficulty with memory, concentration or mood swings); *Young v. Barnhart,* 362 F.3d 995, 1003-1004 (7th Cir. 2004) (hypotheticals "failed to include all of the limitations supported by the medical evidence in the record from the experts whose assessments the ALJ did credit"); *Travis v. Astrue*, No. 09-cv-0077-bbc, 2009 WL 3422770 (W.D. Wis. Oct. 22, 2009) (the ALJ's reference to "simple, repetitive work" in the RFC failed to account for moderate limitations in CPP).

This is hardly the first time that the Commissioner has refused to acknowledge the import of *O'Connor-Spinner*. On the contrary, the "Commissioner continues to defend the ALJ's attempt to account for mental impairments by restricting the hypothetical to

'simple' tasks, and [the Seventh Circuit] and [its] sister courts continue to reject the Commissioner's position." *Stewart v. Astrue*, 561 F.3d 679, 685 (7th Cir. 2009).

This court, too, has repeatedly rejected this position, yet still the Commissioner stubbornly refuses to confess error in cases like this one. *See e.g., Traver-Musselman v. Colvin*, 12-cv-423-wmc, 2014 WL 1007302, at *8 (W.D. Wis. Mar. 14, 2014). In *Traver-Musselman*, a treating physician identified certain mental limitations, which were not put to the vocational expert despite the ALJ purporting to assign great weight to that opinion. There, too, the Commissioner was unable to articulate any reason why *O'Connor–Spinner* did not mandate a remand. *Id*. at *8; *see also Marchel v. Astrue*, 12-cv-47-bbc (W.D. Wis. Nov. 16, 2012).

Even more recently, the Seventh Circuit has gone to great pains to articulate specific deficiencies in an ALJ's adoption of "simple, unskilled work" as a substitute for limitations in CPP. In *Yurt v. Colvin*, 758 F.3d 850 (7th Cir. 2014), the Seventh Circuit detailed moderate limitations in CPP as identified by the claimant's doctor, including limitations in the claimant's "ability to carry out detailed instructions, perform within a schedule, be punctual, perform at a consistent pace, and to complete a normal workday and workweek." *Id.* at 857. Given these limitations, the Seventh Circuit was once again "hard-pressed to conclude" that the ALJ's RFC finding was adequate in describing the claimant as an individual who "could perform unskilled tasks, relate superficially to small numbers of people, and attend to tasks long enough to complete them." *Id.* at 857-58.[2]

---

[2] Finding that the RFC and questions to the vocational expert were deficient, the Seventh Circuit also held that "the hypothetical [question] does nothing to ensure that the VE eliminated from

Because of this, the Seventh Circuit remanded for further proceedings, concluding that the ALJ failed to "build an 'accurate and logical bridge' between the evidence of mental impairments and the hypothetical and the mental RFC." *Id.* at 859.

Here, again, the ALJ found moderate limitations in CPP. (AR 22-23.) Many of the specific limitations that Drs. Spear and Kojis identified are quite similar to (if not the same as) those found in *Yurt*. Given that *Yurt* and the instant case both involved moderate limitations being credited by the ALJ, but then not reflected in their respective RFCs, this court is even harder pressed to conclude that remand is not necessary.[3]

Equally troubling, the Commissioner's brief lacks any meaningful analysis of *Yurt* -- a decision that followed at least ten years of case law requiring the ALJ to orient the vocational expert to moderate limitations in CPP. *See, e.g., Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002) (hypothetical questions posed to the VE "ordinarily must include all limitations supported by medical evidence in the record"). The Commissioner's failure to capture each of the credited limitations in the RFC determination is very much the same here as it has been with other post-*Yurt* cases that *this* court has reviewed and remanded in the same time frame. *E.g., Young v. Colvin*, No.

---

her responses those positions that would prove too difficult for someone with [the claimant's] depression and psychotic disorder." *Yurt*, 758 F.3d at 857-58.

[3] Not only does the *Yurt* decision provide arguably the most definitive statement yet of the need to account for limitations in concentration, persistence and pace in formulating a [claimant's] RFC, it goes on to explain the contours of this growing area of law and how the holding in the case is distinguishable from the limited number of other cases where failures to account in the RFC for deficiencies in CPP have *not* been found to require remand. *Cf. Simila v. Astrue*, 573 F.3d 503, 522 (7th Cir. 2009) ("Simila's moderate difficulties with concentration, persistence, and pace stemmed from his chronic pain syndrome and somatoform disorder, which the ALJ included in the hypothetical.").

14-CV-07-WMC, 2014 WL 5106317, at *1-2 (W.D. Wis. Oct. 10, 2014); *Smith v. Colvin*, No. 13-CV-304-WMC, 2015 WL 1285795, at *2 (W.D. Wis. Mar. 20, 2015) (case required remand "[b]ecause of the additional, moderate limitations in Dr. Kojis's report" were not reflected in plaintiff's work-related limitations to "simple, repetitive tasks and instructions" and "minimal stress"). The difference is that with all of this case law, the Commissioner continues to learn very little or nothing, much less to confess error and remand cases like the pending one.

In light of this record, the court will direct remand of this case on the CPP issue and award enhanced attorney fees and costs to plaintiff as a sanction against the Commissioner on her continued, meritless position regarding CPP deficiencies.

ORDER

IT IS ORDERED that the decision of defendant Carolyn W. Colvin, Acting Commissioner of Social Security, denying plaintiff Jason Zschernitz's application for disability benefits is REVERSED AND REMANDED under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion and that plaintiff be awarded double its reasonable fees and costs in this matter.

Entered this 30th day of March, 2016.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge