IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JASON ZSCHERNITZ,

        Plaintiff,

v.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

        Defendant.

ORDER

14-cv-337-wmc

On March 30, 2016, the court issued an order and judgment remanding this case to the commissioner for further proceedings under sentence four of 42 U.S.C. § 405(g) pursuant to stipulation of the parties. Now before the court is plaintiff Jason Zschernitz's attorney's petition for fees pursuant to § 406(b)(1) in the amount of $8,490.40. (Dkt. #37.) Defendant does not object to this motion. (Dkt. #39.)

**Fees under 42 U.S.C. § 406**

As part of its judgment, a court may allow "a reasonable fee . . . not in excess of 25 percent of the . . . past-due benefits" awarded to the claimant. § 406(b)(1)(A). The fee is payable "out of, and not in addition to, the amount of [the] past-due benefits." *Id.* Counsel asks the court to approve an attorney fee award in the amount of $8,490.40, which represents the difference between the prior EAJA fee award and 25 percent of the Disability Insurance Benefits and Supplemental Security Income that was awarded to plaintiff in past-due benefits.[1] Having considered the supporting materials filed by

---

[1] The court notes that this 25 percent fee award is $18,490.40; however, counsel has

plaintiff's attorney, and hearing no objection from plaintiff or defendant, the court will grant the motion. The fees requested by counsel are reasonable in light of the time he spent on this case and the favorable result he obtained for plaintiff while working on a contingency basis.

ORDER

IT IS ORDERED that counsel's motion for reasonable attorney fees under 42 U.S.C. § 406(b)(1) in the amount of $8,490.40 (dkt. #20) is GRANTED. That sum shall be released to plaintiff's counsel.

Entered this 15th day of November, 2018.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

submitted a fee petition to the administrative law judge in the amount of $10,000. The court also notes that while counsel was awarded $6,573.93 in EAJA fees, that amount was usurped to offset back-due child support payments owed by plaintiff.